**UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT**

| | |
|---|---|
| STEVE FIFIELD, Individually And On Behalf of All Others Similarly Situated, | ) ) ) ) Case: 2:12-CV-00091 |
| Plaintiffs, | ) ) ) HON. JUDGE WILLIAM K. SESSIONS III |
| vs. | ) ) ) |
| GREEN MOUNTAIN COFFEE ROASTERS INC., ROBERT P. STILLER, LAWRENCE J. BLANFORD, and FRANCES G. RATHKE, | ) ) ) ) |
| Defendants. | ) ) |

**PRESUMPTIVE LEAD PLAINTIFF KAMBIZ GOLESORKHI'S MEMORANDUM IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF**

Presumptive Lead Plaintiff Kambiz Golesorkhi ("Movant" or "Mr. Golesorkhi"), with losses of $523,085.20, more than $126,687.12 greater than the losses of the competing movant with the next largest losses, files this Memorandum in further support of his motion for appointment as Lead Plaintiff for this securities class action lawsuit and in opposition to the motions of competing movants William Conroy ("Conroy") and City of Pontiac General Employees Retirement System and Robert Nesmith (the "Pontiac Group"). For the reasons set forth herein, Mr. Golesorkhi should be appointed lead plaintiff and his selection of Kahn Swick & Foti, LLC ("KSF") to serve as lead counsel should be approved.

### PRELIMINARY STATEMENT

This is a federal class action on behalf of purchasers of the common stock of Green Mountain Coffee Roasters, Inc. ("GMCR" or the "Company") from February 2, 2012 to May 2, 2012, inclusive (the "Class Period"). On July 6, 2012, Mr. Golesorkhi, and competing movants filed motions seeking appointment as lead plaintiff, and approval of their choice of counsel. *See* Rec. Doc. Nos. 6, 8, and 10.

Under the Private Securities Litigation Reform Act ("PSLRA"), the Court should look to the losses asserted by each movant to determine which has the largest financial interest in the litigation. The movant with the largest financial interest in the litigation is the presumptive lead plaintiff. Once this presumption attaches, it can "be rebutted ***only upon proof*** by a member of the purported plaintiff class that" he will "not fairly and adequately protect the interest of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) [emphasis added]. Comparing the losses of the three movants in this case is relatively simple. Mr. Golesorkhi suffered losses of $523,085.20, far greater than the $396,398.08 in losses claimed by the Pontiac Group and

1

$223,662 in losses claimed by Conroy. As such, Mr. Golesorkhi is the presumptive lead plaintiff. The PSLRA "provides in categorical terms that the only basis on which a court may compare plaintiffs competing to serve as lead is the size of their financial stake in the controversy." *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002).

Without doubt, Mr. Golesorkhi has the largest financial interest by a large margin and is the presumptive lead plaintiff. Mr. Golesorkhi also otherwise satisfies the requirements of Rule 23: his claims are typical of those of the Class, he readily satisfies the adequacy requirement, and Mr. Golesorkhi is not subject to any unique defenses. Mr. Golesorkhi is an ideal candidate for lead plaintiff in that he is an experienced individual investor who purchased all his GMCR shares during the Class Period and sold all his shares after the end of the Class Period, once the true facts had been revealed.

Mr. Golesorkhi should thus be appointed lead plaintiff in this securities class action and his choice of KSF to serve as lead counsel approved.

## ARGUMENT

### A. Mr. Golesorkhi Is the Presumptive Lead Plaintiff and His Motion Should Be Granted

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3). According to the PSLRA, the Court shall appoint as lead plaintiff the movant or movants that the Court determines to be most capable of adequately representing the interests of Class Members. 15 U.S.C. § 78u-4(a)(3)(B)(i). As indicated by the PSLRA:

> [T]he court shall ***adopt a presumption that the most adequate plaintiff*** in any private action arising under this title is the person or group of persons that—
>
>> (aa) has either filed the complaint or made a motion in response to a notice…

>   (bb) in the determination of the court, *has the largest financial interest in the relief sought by the class*; and
>
>   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii). (emphasis added).  As the Second Circuit has noted, at this stage:

> Two objective factors inform the district court's appointment decision: the plaintiffs' respective financial stakes in the relief sought by the class, and their ability to satisfy the requirements of [Federal Rule of Civil Procedure] 23.

*Hevesi v. Citigroup Inc.,* 366 F.3d 70, 81 (2d Cir. 2004); *see also In re Tronox, Inc. Sec. Litig.,* 262 F.R.D. 338, 344 ("Once the presumptive lead plaintiff has been designated, the court conducts a second inquiry in which members of the class have the opportunity to rebut the chosen lead plaintiff's presumptive status.").

While the PSLRA does not expressly specify the method a court should apply to determine which movant has the largest financial interest in the relief sought, four factors are generally utilized to make this determination. *See City of Monroe Employees' Retirement Sys. v. Hartford Fin. Services Group, Inc.*, 269 F.R.D. 291, 293 (S.D.N.Y. 2010) ("While disputes remain as to the proper methodology, courts in this Circuit have applied a four factor test, as first set forth in *Lax*."); *Foley v. Transocean, Ltd.,* No. 10-5233, 2011 WL 103960, at *1 (S.D.N.Y. Jan. 3, 2011) (citing cases).  The four factors are: (i) the number of shares purchased during the class period; (ii) net shares purchased during the class period; (iii) total net funds expended during the class period; and (iv) the approximate losses suffered.  *Lax*, 1997 WL 461036, at *5.

Using the *Lax* factors, the loss picture and financial interest calculation are clear and unquestionably favor the appointment of Mr. Golesorkhi in each and every category :

| **Movant** | **Gross** | **Net Shares** | **Net Funds** | **Losses** |
|---|---|---|---|---|

|  | **Shares Purchased During the Class Period** | **Purchased During the Class Period** | **Expended During the Class Period** |  |
|---|---|---|---|---|
| Golesorkhi | **19,000** | **19,000** | **1,058,201.20** | **523,085.20** |
| Pontiac Group | 13,400 | 13,400 | 768,588.30 | 396,398.08 |
| Conroy | 21,410 | 11,360 | 487,328.05 | 223,662.45 |

Of the four *Lax* factors, the "approximate loss" suffered by the movant is "viewed as the most important" element. *Janbay v. Canadian Solar, Inc.*, No. 10-4430, 2010 WL 5298842, at *3 (S.D.N.Y. Dec. 22, 2010); *Weiss v. Friedman, Billings, Ramsey Group, Inc.,* No. 05-4617, 2006 WL 197036, at *3 (S.D.N.Y. Jan. 25, 2006) ("The amount of financial loss is the most significant of [the *Lax* test] elements") (quoting *In re Vicuron Pharm. Inc. Sec. Litig.*, 225 F.R.D. 508, 510-11 (E.D. Penn. 2004)); *Takara Trust v. Molex Inc.,* 229 F.R.D. 577, 579 (N.D. Ill. 2005) (in determining the largest financial interest, "most courts simply determine which potential lead plaintiff has suffered the greatest total losses").

Mr. Golesorkhi suffered $126,687.12 more in losses than the Pontiac Group and $299,423.20 more in losses than Conroy. Mr. Golesorkhi, by a wide margin, has the largest financial interest in the case. *See In re Bally Total Fitness Sec. Litig.,* No. 04-4697, 2005 WL 627960, at *4 (N.D. Ill. Mar. 15, 2005) ("We believe that the best yardstick by which to judge 'largest financial interest' is the amount of loss, period.").

A movant who "has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 … is presumptively entitled to lead plaintiff status." *Maiden v. Merge Technologies, Inc.*, No. 06-349, 2006 WL 3404777, at *4 (E.D. Wis. 2006) (citing *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status…")); *Janbay*, 2010 WL 5298842, at *5; *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252

(S.D.N.Y. 2003) (citing *In re Party City Sec. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999) ("In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.")); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[t]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to a determination of lead plaintiff under the PSLRA."). Mr. Golesorkhi satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

In this case, the typicality requirement is met because Mr. Golesorkhi's claims are identical, non-competing, and non-conflicting with the claims of the other Class Members. Mr. Golesorkhi, like all other Class Members: (1) purchased GMCR stock during the Class Period; (2) purchased GMCR stock at artificially-inflated prices as a result of Defendants' misrepresentations and omissions; and (3) suffered damages thereby. *See Janbay,* 2010 WL 5298842, at *5 ("In this case, the CSIQ Investor Group satisfies the typicality requirement because the claims of its members are identical to the claims of the Class members. Specifically, members of the CSIQ Investor Group and all Class members allegedly purchased Canadian Solar securities at artificially inflated prices as a result of Defendants' misrepresentations and omissions, and suffered damages thereby."); *Seidel v. Noah Educ. Holdings, Ltd.,* No. 08-9427, 2009 WL 700782, at *4 (S.D.N.Y. Mar. 9, 2009) ("and the claims are typical of the claims of the class as a whole, based on the allegations that Atkins, like the proposed class, purchased Noah Education shares pursuant to or traceable to the IPO in reliance on the allegedly false and misleading statements in the Prospectus and Registration Statement, and suffered damage thereby.").

As to adequacy, Mr. Golesorkhi's interests are clearly aligned with the members of the Class because his claims are identical to the claims of other Class Members. Under Fed. R. Civ. P. 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." This inquiry looks to whether "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley,* 2011 WL 103960, at *4; *Seidel*, 2009 WL 700782, at *3. There is no evidence of antagonism between his interests and those of the proposed Class Members.

Mr. Golesorkhi is a single, strong lead plaintiff that Congress intended to control lead counsel and to vigorously prosecute this matter on behalf of the Class. In contrast, the Pontiac Group is composed of two entities—a pension fund and an individual investor—with no preexisting relationship and leadership structure in place to resolve issues with decision-making.

Furthermore, Mr. Golesorkhi has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss incurred as a result of the wrongful conduct alleged herein. This motivation, combined with Mr. Golesorkhi's identical interest with the members of the Class, clearly shows that it will adequately and vigorously pursue the interests of the Class.

Mr. Golesorkhi is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice. In addition, Mr. Golesorkhi has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. Mr. Golesorkhi is both

willing to serve and satisfies the requirements of Rule 23, and thus, he is entitled to the "most adequate" plaintiff presumption. *Cavanaugh*, 306 F.3d at 730.

In sum, because of Mr. Golesorkhi's common interests with the Class Members, his clear motivation and ability to vigorously pursue this action, and its selection of competent counsel, the adequacy requirement of Fed. R. Civ. P. Rule 23(a) is met.  Therefore, since Mr. Golesorkhi meets both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, Mr. Golesorkhi is presumptively the most adequate plaintiff to lead this action.

Only with "proof," 15 U.S.C. § 77u-4(a)(3)(B)(iii)(II), can the Pontiac Group or Conroy rebut the presumption, and they have not and cannot overcome the presumption in favor of presumptive lead plaintiff Mr. Golesorkhi.

### B. Neither of the Competing Movants Are the Presumptive Lead Plaintiff and Thus They Should Not Be Appointed Lead Plaintiff

Neither the Pontiac Group nor Conroy is the presumptive lead plaintiff because both competing movants' losses pale in comparison to those of Mr. Golesorkhi.  Mr. Golesorkhi's $523,085.20 in *individual* losses exceed the Pontiac Group's *collective* losses by $126,687.12, and more than double Conroy's losses of $223,662. With clearly the largest financial interest in the litigation, Mr. Golesorkhi is entitled to the presumption of most adequate plaintiff, a presumption that neither the Pontiac Group nor Conroy can rebut.

### **CONCLUSION**

For all of the foregoing reasons, Mr. Golesorkhi respectfully requests that this Court: (1) appoint the Mr. Golesorkhi to serve as Lead Plaintiff in this consolidated action; (2) approve the

Mr. Golesorkhi's selection of KSF as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: July 20, 2012                           Respectfully submitted,

/s/ Dennis J. Johnson

Dennis J. Johnson
Eben F. Duval
**JOHNSON & PERKINSON**
P.O. Box 2305
1690 Williston Road
South Burlington, VT 05403
(802) 862-0030
(802) 862-0060 (fax)

*Local Counsel for Kambiz Golesorkhi*

**KAHN SWICK & FOTI, LLC**

Kim E. Miller
500 5th Ave. Suite 1810
New York, NY 10110
Telephone:   (212) 696-3730
Facsimile:   (504) 455-1498

-and-

Lewis S. Kahn
206 Covington St.
Madisonville, LA 70447
Telephone (504) 455-1400
Facsimile: (504) 455-1498

*Counsel for Lead Plaintiff Movant Golesorkhi and Proposed Lead Counsel for the Class*

8

## **CERTIFICATE OF SERVICE**

      I hereby certify that this Memorandum was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on July 20, 2012.

                                   /s/ Dennis J. Johnson
                                   Dennis Johnson